UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:11-cr-00163-JAW |
| | ) | |
| BETH A. STEWART | ) | |

**ORDER ON MOTION TO DISMISS INDICTMENT**

In this marriage fraud conspiracy case, the Defendant asserts that the one overt act within the five-year statute of limitations is outside the scope of the charged conspiracy and therefore the indictment is time-barred. The Court concludes that the resolution of the Defendant's argument depends on facts that must be found by a jury and may not be resolved by a motion to dismiss the indictment. The Court denies the motion.

**I.  STATEMENT OF FACTS**

**A.  The Indictment**

On September 22, 2011, a federal grand jury indicted Beth A. Stewart on a single count of conspiring to engage in a sham marriage for the purpose of defrauding the United States—an alleged violation of 18 U.S.C. § 371. *Indictment* (Docket # 1). Specifically, the Government alleges that Ms. Stewart participated in a sham marriage with the purpose of helping her alien spouse obtain a change of immigration status. *Indictment* at 1-2. In support of these allegations, the Government presents the following overt acts in furtherance of the conspiracy: 1) that on March 29, 2005, Ms. Stewart entered into a sham marriage with an alien,

knowing the purpose of the marriage was to allow the alien-spouse to apply for a change in immigration status to which he was not otherwise entitled; 2) that between March 29 and October 27, 2005, Ms. Stewart traveled from Maine to Massachusetts and obtained a commonwealth of Massachusetts identification card and other documents to make it appear that she and her alien-spouse were living together in Massachusetts, when in fact they were not; 3) that on October 7, 2005, Ms. Stewart traveled from Maine to Boston, Massachusetts and attended an interview with U.S. Citizenship and Immigration Services (CIS) in support of her alien-spouse's petition to have his immigration status changed as a result of their sham marriage, after which her alien-spouse was granted conditional residency status; and 4) that on June 22, 2007, Ms. Stewart traveled from Maine to Massachusetts and signed Form I-751 entitled "Petition to Remove Conditions of Residency" on her alien-spouse's behalf. *See Indictment* at 2-3. This case is scheduled for trial during February 2012, with a jury selection date of February 6, 2012. *Trial List* (Docket # 22).

### B. The Motion

On November 23, 2011, Ms. Stewart moved to dismiss the indictment on the basis that the indictment is time barred pursuant to 18 U.S.C. § 3282. *Def.'s Mot. to Dismiss Time Barred Indictment* (Docket # 16) (*Def.'s Mot.*). The Government responded in opposition on December 13, 2011. *Gov't's Mem. in Opp'n to Def.'s Mot. to Dismiss* (Docket # 21) (*Gov't's Opp'n*).

1. **Ms. Stewart's Position**

Ms. Stewart argues that her indictment is time-barred because her marriage and interview with United States immigration officials occurred outside of the five-year statute of limitations window and the only alleged act within the statutory window does not constitute an overt act in furtherance of the sham marriage conspiracy. *See Def.'s Mot.* at 5. She claims that the central purpose of the conspiracy—to profit financially and to help her alien-spouse obtain permanent legal status—was completed in October of 2005, presumably when she and her alien-spouse attended the CIS interview in Boston and he was granted conditional residency status. *Id.* Ms. Stewart argues that the June 22, 2007 signing of Form I-751 was conduct outside the scope of the conspiracy. *Id.*

2. **The Government's Response**

In response, the Government notes that "[a] conspiracy endures as long as the co-conspirators endeavor to attain the 'central criminal purpose' of the conspiracy" and that a "defendant who knows of a conspiracy's objectives and consents to them is criminally liable for all overt acts of the conspiracy." *Gov't's Opp'n* at 2 (citing *United States v. Upton*, 559 F.3d 3, 10, 15 (1st Cir. 2009)). According to the Government, a defendant can shield herself from criminal liability only by "affirmatively withdrawing from the conspiracy." *Gov't's Opp'n* at 2-3 (citing *Upton* at 15).

The Government acknowledges that "not all actions related to a conspiracy constitute overt acts for the purposes of calculating the statute of limitations."
3

*Gov't's Opp'n* at 3. It discusses *United States v. Doherty*, 867 F.2d 47, 61-62 (1st Cir. 1989), in which the First Circuit concluded that a conspiracy to cheat on a police sergeant exam did not continue throughout the salary payoff period for purposes of the statute of limitations. *Gov't's Opp'n* at 3-4. However, here, the Government says the object of the conspiracy was for the alien-spouse to attain United States citizenship and it contends Ms. Stewart's travel to Massachusetts, her signing of the Form I-751 for filing with the U.S. Citizenship and Immigration Service, and the ongoing misrepresentations in that form amounted to continued joint activity toward this criminal goal. *Id.* at 5-6.

## II. LEGAL STANDARDS

### A. Dismissing an Indictment

Unlike civil actions, an indictment is not generally subject to dispositive motion practice. *United States v. Poulin*, 645 F. Supp. 2d 17, 22 (D. Me. 2009); *see also United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000). "[D]ismissing an indictment is an extraordinary step," *Li*, 206 F.3d at 62 (quoting *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)) because, by returning an indictment, a grand jury is carrying out a constitutionally sanctioned function, *see* U.S. CONST. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."). In the First Circuit's words, "[w]hen a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury." *Whitehouse v. United States District Court*, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing *Bank of Nova*

4

*Scotia v. United States*, 487 U.S. 250, 263 (1988)). This power is "appropriately reserved, therefore, for extremely limited circumstances," *id.*, and should be "exercised with caution," *United States v. Cameron*, 662 F. Supp. 2d 177, 181 (D. Me. 2009).

In addressing a challenge to an indictment, a district court must simply determine "whether the document sketches out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." *United States v. Guerrier*, No. 10-2315, 2011 WL 6415042, at *1 (1st Cir. Dec. 22, 2011). The Court should not inquire into the sufficiency of the evidence supporting the indictment. *United States v. Maceo*, 873 F.2d 1, 2-3 (1st Cir. 1989) ("an indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits"). Rather, at this stage, the Court "must accept the allegations in the indictment as true." *United States v. Young*, 694 F. Supp. 2d 25, 27 (D. Me. 2010) (citing *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 327, 343 n.16 (1952)); *see also* FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue.").

In other words, a motion to dismiss is an inappropriate way "to test the sufficiency of the evidence behind the indictment's allegations." *Guerrier*, 2011 WL 6415042, at *1. This is especially true of conspiracy charges. *See, e.g., United States v. Moran*, 984 F.2d 1299, 1303 (1st Cir. 1993) ("Common knowledge,

5

interdependence, shared purpose and the other ingredients of a conspiracy are matters of degree. Almost everything in such a case depends upon the context and the details. The evaluation of the facts is entrusted largely to the jury.").

### B. Statute of Limitations

The statute of limitations for a violation of 18 U.S.C. § 371 is five years. *See* 18 U.S.C. § 3282(a). To comply with this requirement, an indictment must be "found or [a] information . . . instituted within five years next after such offense shall have been committed." *Id.* The Government bears the burden of proving that the indictment was handed down within the applicable statutory window. *United States v. Ferris*, 807 F.2d 269, 272 (1st Cir. 1986) (citing *Grunewald v. United States*, 353 U.S. 391, 396 (1957)).

"[T]he crucial question in determining whether the statute of limitations has run is the scope of the conspiratorial agreement." *Grunewald*, 353 U.S. at 397. A conspiracy exists "as long as the co-conspirators endeavor to attain the 'central criminal purpose' of the conspiracy." *United States v. Upton*, 559 F.3d 3, 10 (1st Cir. 2009) (citing *Grunewald*, 353 U.S. at 401). Thus, the applicable statute of limitations for conspiracy runs from the date of the last overt act in furtherance of the conspiracy's central purpose. *See Grunewald,* 353 U.S. at 401; *Fiswick v. United States*, 329 U.S. 211, 216 (1946).

## III. DISCUSSION

Under Rule 12(b)(2), a motion to dismiss may not require a "trial on the general issue." FED. R. CRIM. P. 12(b)(2). Here, however, Ms. Stewart attempts to

6

challenge the sufficiency of her indictment by testing the sufficiency of the evidence supporting that indictment. In effect, Ms. Stewart attempts to define the conspiracy in a way that suits her: that it began and ended before September 22, 2006. But her restrictive definition does not comport with the indictment, which does not limit itself to events before September 22, 2006, and instead alleges as part of the conspiracy an overt act after September 22, 2006. The indictment alleges that "the object of the conspiracy" was for Ms. Stewart to profit financially in exchange for "helping Alien/Spouse F[oreign] N[ational] obtain a change of his immigration status" and that the last overt act in furtherance of this conspiracy took place on June 22, 2007, when the Defendant "traveled from Maine to Massachusetts and signed the Form I-751, Petition to Remove Conditions of Residency, on F[oreign] N[ational]'s behalf." *Indictment* at 1-3.

Whether the Government will be able to prove the facts underlying the charge is a matter of proof, not allegation. At trial, the Government will have the burden of establishing that the central purpose of the alleged conspiracy consisted of more than the 2005 change in residency status but extended to further immigration changes, leading at least to the 2007 removal of conditions of residency. It remains possible that the Government will fail in its proof and the jury will find that the conspiracy was over in 2005. If so, the Government will be unsuccessful in proving its case against Ms. Stewart because prosecution for the other alleged conspiratorial actions is time-barred.

*Doherty* does not require a different result. The First Circuit wrote in *Doherty* that a conspiracy continues during "the period when the unique threats to society posed by a conspiracy are present." *Doherty*, 867 F.2d at 62. Even though the determination of whether the improper lifting of residency conditions will ultimately prove to have been part of the original conspiracy, it is not illogical on its face to treat the removal of the alien/spouse's residency conditions as one of a number of steps toward citizenship, which may well have been the final goal. In any event, this is what the indictment charges and, as such, it survives the motion for dismissal.

"[A] technically sufficient indictment handed down by a duly empaneled grand jury 'is enough to call for trial of the charge on the merits.'" *Guerrier*, 2011 WL 6415042, at *1 (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)).

## IV. CONCLUSION

The Court DENIES the Defendant's Motion to Dismiss Time Barred Indictment Pursuant to 18 U.S.C. § 3282 (Docket # 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of January, 2012